■ MOHAMMED A. NOMAN, Respondent, v MANAGEMENT, WEST 31ST STREET APARTMENTS, Appellant. [859 NYS2d 144]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered February 26, 2008, which, insofar as appealed from, upon converting the action into a special proceeding under CPLR article 78, denied respondent's motion to dismiss the proceeding, and directed respondent to recalculate petitioner's annual income by multiplying the average number of regular hours worked over the past three years by his current regular pay rate, and adding to such result, the average number of overtime hours worked multiplied by his overtime rate, unanimously reversed, on the law, without costs, the petition denied and respondent's motion to dismiss the proceeding granted.

Following respondent's denial of petitioner's application for a low-income apartment for himself and his family in respondent's building on the ground that petitioner's household gross income exceeded eligibility requirements, petitioner commenced this action seeking a review of the method used by respondent for calculating his income and upon such review, to be issued an affordable apartment. For purposes of determining annual income, United States Department of Housing and Urban Development Handbook 4350.3 REV-1, ch 5, ¶ 5-5 (A) (1) states, in pertinent part, that "[g]enerally the owner must use current circumstances to anticipate income. The owner calculates projected annual income by annualizing current income." In addition, 24 CFR 5.609 (a) (2) defines annual income as "all amounts, monetary or not, which . . . [a]re anticipated to be received from a source outside the family during the 12-month period

following admission," and such income includes overtime pay (24 CFR 5.609 [b] [1]).

When calculating petitioner's income, respondent projected petitioner's income by annualizing his current income based on his last eight pay stubs. We find that under the circumstances such method of calculation was rationally based (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.